BANKERS TRUST COMPANY, Plaintiff, *v.* STEVE TERLL et al., Defendants.

Supreme Court, Special Term, New York County, June 13, 1962.

*Lawrence & Atkins* for defendants. *Emanuel Miller* and *Charles Leeds* for plaintiff.

JACOB MARKOWITZ, J. Plaintiff, the assignee of a conditional sales contract of an automobile, moves for summary judgment in an amount equal to the alleged deficiency remaining after repossession and auction of the vehicle. Defendant Terll does not deny his default under the contract, but cross-moves for summary judgment on his counterclaim wherein it is claimed that plaintiff did not comply with section 79 of the Personal Property Law, which prescribes the method of advertising such sales. Defendant Sapienza claims that her signature, admittedly on the conditional sales contract, was placed there as a witness only at the seller's behest. She further shows that the heading of the contract and the invoice refer only to defendant Terll. Plaintiff's exhibits also indicate some question in this respect, as the auctioneer's affidavit and plaintiff's letter, containing notification of the sale, both refer to defendant Terll as the conditional buyer. A triable issue of fact exists as to defendant Sapienza's liability under this contract, and plaintiff's motion is denied as to her.

Defendant Terll bases his claim on the fact that plaintiff advertised the sale in the *Journal of Commerce*. He claims that that newspaper does not meet the requirements of section 79 of the Personal Property Law as it is not " published " nor does it have a " general circulation " within the filing district in which the goods are to be sold. The automobile was sold in Brooklyn. The *Journal of Commerce* is printed in New York County and, according to defendant, has a total daily circulation of 30,000; approximately 10,000 copies being sold in New York City and about 750 copies being sold in Brooklyn. Defendant further avers that the newspaper is reputed to be the best-known for the printing of legal auction notices. The section of the Personal Property Law concerned was designed to protect the defaulting conditional buyer. It requires, in addition to the sending of notice of the proposed sale by mail and posting of it in certain public places, that the notice be published in a newspaper " published or having a general circulation ", in the filing district where the goods are to be sold. It is here undisputed that Brooklyn is the applicable filing district. However, defendants assert that the *Journal of Commerce* does not meet either of the

requirements of that section. Plaintiff asserts that, though it is printed in Manhattan, by virtue of its sale in Brooklyn it is published there. The purpose of section 79 is to insure wide notice of the proposed sale, so that the best price can be received and any deficiency minimized. Therefore definitions of publication for purposes of libel, or other purposes, are not applicable. The paper is not published in Brooklyn. The alternate requirement of section 79 is that the paper have a '' general circulation '' in the district concerned. While the *Journal of Commerce* may not be the most widely read paper in Brooklyn, it is available to all within that borough. It contains general news as well as general advertisements. It has circulation among considerable classes of people in the community, although mainly among business and professional groups. It is regularly published, and defendants do not deny that it has acquired repute for carrying large numbers of notices of legal auctions. It has been designated, by the Appellate Division, First Department, as a paper for the printing of legal notices in that Department. Plaintiff's motion for summary judgment is granted as to defendant Terll.

Defendants, in their answer, assert a counterclaim, based on plaintiff's alleged failure to properly advertise. No information which properly furnishes a basis for their counterclaim is presented by them. As above noted, the court has held that plaintiff did comply with the statute. The counterclaim is therefore dismissed.