NEVADA STATE PRESS ASSOCIATION; SOUTH-
WESTERN PUBLISHING COMPANY, INC., A
NEVADA CORPORATION; AND LAS VEGAS SUN,
INC., A NEVADA CORPORATION, APPELLANTS, *v.*
FAX, INC., A NEVADA CORPORATION, RESPONDENT.

No. 4552

February 13, 1963                    378 P.2d 674

*Ralph L. Denton, William Singleton* and *Rex A. Jemison,* of Las Vegas, for Appellants.

*Cornwall & Nitz,* of Las Vegas, for Respondent.

# O P I N I O N

By the Court, McNamee, J.:

The question in this case is whether The Daily Fax published by Fax, Inc., the respondent, is a daily newspaper of general circulation qualified to publish legal notices.

NRS 238.030 provides that "Any and all legal notices or advertisements shall be published only in a daily, a triweekly, a semiweekly, a semimonthly, or a weekly newspaper of general circulation and printed in whole or in part in the county in which the notice or advertisement is required to be published, which newspaper if published: * * * (b) Daily, shall have been so published * * * during the period of at least 1 year * * *."

NRS 238.040 provides that no newspaper shall be competent as the means for the publication of any legal notices or advertisements unless such newspaper shall have and maintain in force a second-class mailing permit issued by the United States Post Office Department.

It is conceded that The Daily Fax is a daily publication published in North Las Vegas, Clark County, has been so published for more than a year, and has obtained a valid second-class mailing permit. Appellants contend, however, that it is not a newspaper of general circulation.

The contents of The Daily Fax are confined to information taken from the public records of Clark County, Nevada, on a daily basis, such as the recording of deeds and trust deeds, the filing of various types of legal actions, the issuance of building permits and licenses, and new construction news. The paid circulation is approximately 150 without any appreciable circulation in the residential areas. It is not available at downtown newsstands except at the Clark County Courthouse

newsstand and at the newsstands in the Las Vegas and North Las Vegas post offices. The subscription list of The Daily Fax includes 71 different professions, trades, and callings.

Although the Nevada statutes relating to the publication of legal notices in newspapers have existed since 1897 and were amended as recently as 1960, at no time has the legislature defined the phrase "newspaper of general circulation." Thus, we must be guided by case law.

The primary purpose for the printing of legal notices is to give the widest publicity practicable. Continental Life. Ins. Co. v. Mahoney, 185 Ark. 748, 49 S.W.2d 371. Even though it is devoted to the interests of a particular class of persons and specializes in news and intelligence primarily of interest to that class, a publication may nevertheless be a newspaper of general circulation if, in addition to such special news, it also publishes news of a general character and of a general interest, and to some extent circulates among the general public. Annot., 68 A.L.R. 542 (1930).

A copy of one issue of The Daily Fax is contained in the Record on Appeal. It appears to be mimeographed rather than printed, on sheets approximately 8½ by 11 inches in size, and its front page recites that it is a "DAILY AUTHENTIC REPORT OF CLARK COUNTY OFFICIAL RECORDS." From this description it does not purport to be a "newspaper of general circulation." No news of a political, religious, commercial, or social nature is contained therein, and there are no editorials. Its contents consist entirely of the daily list of public records.

We have been unable to find a single case holding that such a publication of mere statistics or of public records is a newspaper of general circulation qualified to publish legal notices. Even in the case of Lynn v. Allen, 145 Ind. 584, 44 N.E. 646, 33 L.R.A. 779, which respondent describes as the leading case on the subject, "The Daily Reporter" which was approved for legal notices, and which was devoted primarily to the dissemination of

legal matters, also contained "one or more columns devoted to the general news of the day of interest to the general reader" and "that there is also published in it news and information of a general character, such as is published in other newspapers of general circulation, and of interest to the general reader."

In Continental Life Ins. Co. v. Mahoney, supra, the requirement that a publication to be a newspaper of general circulation must contain items of general interest is discussed. There the Arkansas Supreme Court held that the Daily Legal News, which specialized in news relating to courts, real estate, statistical news, and business transactions in the county, was not qualified to publish legal notices because it failed to publish news of a general nature, such as current events or short telegraphic dispatches of general interest. In Williamson v. Nixon, 187 Ark. 762, 62 S.W.2d 24, the same court decided the question whether this same newspaper had, since its earlier decision, become a newspaper eligible to publish legal notices. In deciding in the affirmative, it said: "We feel constrained to hold, in view of the enlarged news service which the publication now renders, that it has become and is a newspaper" eligible to print legal notices.

From the foregoing we conclude that The Daily Fax is not a newspaper of general circulation and that the lower court erred in holding otherwise. As stated in Finnegan v. Buck, 187 N.Y.S. 705, 706, where the publication under consideration was held not to constitute a newspaper, "further discussion could but amplify the obvious."[1]

Reversed.

BADT, C. J., and THOMPSON, J., concur.

---

[1]We are not called upon at this time to determine whether substance alone is the sole test to determine general circulation, or whether the ratio of circulation to population is an element to consider.