Joseph A. Sarafite, J.
This is an article 78 proceeding to review a determination of the County Clerk of New York County, and the Deputy County Clerks, Division of Jurors, which denied petitioner’s application for exemption from service as a juror. The claimed exemption is based on petitioner’s occupation as the managing editor of a weekly publication called “ Travel Weekly.” Petitioner claims that respondents’ determination was arbitrary and capricious, and contrary to law.
Section 599 of the Judiciary Law provides: “Each of the following persons only * * * although qualified, is entitled to exemption from service as a juror upon claiming exemption therefrom: * * * 8. An editor, editorial writer, a subeditor * * * actively and regularly employed in the handling or gathering of news for a daily, semi-weekly or weekly newspaper. ’ ’
Respondents contend that “Travel Weekly ” is a business publication, rather than a newspaper, and the fact that it carries news of the particular business field that it covers does not make it a newspaper.
The publication is distributed almost exclusively to persons and companies in the travel and resort industry. It is not found on newsstands. It is not listed as a newspaper in several directories used by the publishing industry, but is listed instead as a “ Business Publication ” by these directories.
A reading of “ Travel Weekly ” does not bear out petitioner’s contention that “ a very substantial portion of its contents consists of news of interest to the general public and, in essence, *482 constitutes news of a general character. ’ ’ The publication is completely devoted to editorials, advertisements and other items dealing with travel and resorts.
The issue before the court is whether or not the publication in question is a newspaper within the meaning of subdivision 8 of section 599 of the Judiciary Law .so as to entitle the managing editor to an exemption from jury duty.
Neither counsel has cited any case in this jurisdiction which treats of this precise issue, and this court has not been more successful on its own initiative.
Petitioner places great weight on the fact that the Post Office Department has accorded newspaper treatment to “ Travel Weekly.” Although the Post Office Department did so classify this publication, it stated as follows: “there is some doubt as to whether the items outlined by you as examples of timely quality could come within the category of ‘ News of interest to the general public ’ as outlined in Section 126.41, Postal Manual.”
This greatly reduces the weight to be given to the Post Office Department’s authorization.
“ Travel Weekly ” is not available to the general public. It does not contain general news, or general advertisements. It does not have a circulation among considerable classes of people (see Bankers Trust Co. v. Terll, N. Y. L. J., June 18, 1962, p. 14, col. 4, Markowitz, J.). Under all of the facts hereinbefore set forth, it is this court’s opinion that “ Travel Weekly ” is not a newspaper within the meaning of subdivision 8 of section 599 of the Judiciary Law.
WTdle a publication which is mainly devoted to a particular business field may under certain circumstances be a “newspaper ’ ’, such circumstances are not herein present. ‘ ‘ Travel Weekly ” does not contain “ several columns * * * devoted to general advertising and to the publication of local and other news of general interest ” (Williams v. Colwell, 18 Misc. 399, affd. 14 App. Div. 26).
Petitioner misinterprets the meaning of ‘1 news of general interest.” Merely because some travel items or editorials may be of interest to people outside the travel industry, this does not mean that these items constitute news of “ general interests. ’ ’
Respondents’ decision is based on sound reason and with due regard to all of the facts (see Park Slope Chevrolet v. Moss, 27 N. Y. S. 2d 501).
For the reasons stated, the petition is dismissed.