Hyman Korn, J.
Defendant moves for summary judgment. Plaintiff is a holder of debenture bonds. They require that notice of redemption be published once a week for two successive weeks “ in one or more newspapers printed in the English language, customarily published on each business day, and of general circulation in the Borough of Manhattan, City of New York.” The indenture contains similar provision. Redemption was accomplished by publication in the Wall Street Journal. The action is brought for a declaration that such publication is not compliance, that plaintiff still holds the bonds subject to conversion and to redemption when proper notice is given and that defendant continues obligated to pay interest.
Plaintiff concedes that his contentions are dependent on the use of parol testimony to establish the meaning of the ambiguous phrase “ and of general circulation ”. He argues further that it is essential at the outset to ascertain the identity of the party whose meaning and intention is to be given effect. The contract is fixed regardless of the identity of the particular debenture holder and the meaning, if it is to be interpreted with the aid of parol testimony, can be only one and the same for all parties and holders.
The publication here occurred during a newspaper strike. Virtually all leading publications were withheld from circulation. This is not an argument for inaccessibility. Rather it was a force directing attention and resort to the Wall Street Journal, which did publish and was available through 705 newsstands in Manhattan, at which approximately 16,500 copies were sold daily. The question is the same if there had been no strike, for it remains for determination whether in the circumstances publication in the Wall Street Journal was compliance.
Further, plaintiff argues if the provision is unambiguous, interpretation is for the court as a matter of law and, in that event, the object to be attained is an important factor in the consideration. The object here is of financial aspect. Of course, defendant could have published more than twice and in more than one paper. This was not barred. However, the possible and what is not barred are not the criteria of compliance, but rather whether the minimal possible is compliance. Plaintiff accepts the holding in Bankers Trust Co. v. Terll (35 Misc 2d 835). There, a notice of sale of repossessed personalty was published in the Journal of Commerce, which was held sufficient, *848 since, as plaintiff notes, the Journal of Commerce was more widely read by persons interested in auction sales. The same reasoning would well apply to a notice of the kind here involved in what plaintiff describes as a “ financial daily ”. The circulation of the Journal of Commerce was 30,000 copies, 750 in Brooklyn, the area in question. Of this, the court stated (p. 837): “ While the Journal of Commerce may not be the most widely read paper in Brooklyn, it is available to all within that borough. It contains general news as well as general advertisements. It has circulation among considerable classes of people in the community, although mainly among business and professional groups. It is regularly published, and defendants do not deny that it has acquired repute for carrying large numbers of notices of legal auctions.” It is clear on the basis of this submission that the Wall Street Journal is a paper of general circulation and particularly is more widely used than any other paper for the publication of redemption notices. Its function and reach are recognized by the Appellate Division, First Department, for publication of legal notices. The motion is granted.