Joseph G-. Fritsch, J.
The petitioners have moved this court pursuant to the Election Law for an order invalidating and declaring null and void the designation and certificate heretofore filed on behalf of the candidate, Jean L. Lewis, purporting to designate the said Jean L. Lewis for the position of Town Councilman for the Town of Williamson, New York, as the candidate of the Republican Party, and Robert Valore, William Herbert and Robert Hopkins, as the committee to fill vacancies for said party; and further, for an order enjoining and restrain *58 ing the Board of Elections and the Commissioners of Election of Wayne County, Lyons, New York, from printing and placing upon the voting machines to be used in voting on November 3, 1970, the name of the candidate, Jean L. Lewis. Ernest E. Phillips has been dropped as a party petitioner.
Testimony in this special proceeding was heard by me on September 14, 1970, and at such hearing the parties stipulated, as true, paragraphs 1, 2, 6, 7 and 8 of the petition, and further stipulated that the issue involved in the proceeding was ‘ ‘ whether or not a proper notice of a caucus was given and whether or not the caucus was properly held pursuant thereto ”, The parties stipulated also that a notice of the caucus was published in the Sodus-Williamson Pennysaver.
The testimony at the hearing established by a fair prepondera anee that the Sodus-Williamson Pennysaver was an advertising paper containing only advertising, all of which was paid for, and that it did not contain items of general news; and further, that it could not be subscribed to, but was mailed to all of the post office box and rural route box holders in the Town of Williamson. The witness, who established these facts at the hearing, was the wife of a part owner of the Sodus-Williamson Pennysaver, who had worked for it for 20 years, and she testified without objection that she would not term it a newspaper.
The respondent, Jean L. Lewis, contends that the notice calling the party caucus was in compliance with section 146 of the Election Law, and was legal and proper because the Sodus-Williamson Pennysaver was a newspaper within the meaning of the Election Law; and further, that the petitioner, Donald Hermenet, waived by acquiescence any basis for objection to the caucus in that the question of adequacy of the notice of the caucus was not raised at or prior to or during the caucus.
The compliance with the provisions of section 146 of the Election Law was a condition precedent to the holding of a valid and legal caucus. The provisions of section 146 are mandatory and may not be disregarded. See Matter of Densmore v. Westall (280 App. Div. 939), wherein the court stated as follows: “ In our opinion, the provisions of that section with respect to notice are mandatory and may not be disregarded, and the purported nomination is consequently void. ’ ’
Since compliance with section 146 of the Election Law was necessary for the holding of a valid caucus, the only substantial question of law before this court is whether or not the SodusWilliamson Pennysaver, in which the notice was published, was a newspaper within the meaning of section 146 of the Election Law.
*59 American Jurisprudence has defined a newspaper (vol. 39, p. 3, § 2) as follows: “ a newspaper is a publication appearing at regular, or almost regular, intervals at short periods of time, as daily or weekly, usually in sheet form, and containing news, that is, reports of happenings of recent occurrence of a varied character, such as political, social, moral, religious, and other subjects of a similar nature, local or foreign, intended for the information of the general reader.” The courts of the State of New York have in substance agreed with this definition. (See Williams v. Colwell, 18 Misc. 399, affd. 14 App. Div. 26, and 16 Amer. & Eng. Ann. Cas. 417), and have also held that where a publication is devoted to the interest of a particular class of persons such as lawyers, it is a proper newspaper for publication of legal notices if it contains, in addition to such special news, news of a general character and interest, and circulates among the general public. (See Bankers Trust Co. v. Terll, 35 Misc 2d 835; see, also, Gampel v. Burlington Ind., 43 Misc 2d 846.)
In Bulldog Concrete Forms Sales Corp. v. Taylor (195 F. 2d 417) it was held that a newspaper published in Chicago daily except Sunday, which carried various items as well as court dockets, news and many legal notices and advertisements, satisfied the statutory requirement that notice of resale of reposessed property be published in a newspaper published in the county where the goods were to be sold. It has also been held that a publication, which has a limited circulation, will qualify that publication to be used for legal notices requiring publication under the Town Law. (See Barrett v. Cuskelly, 52 Misc 2d 250, affd. 28 A D 2d 532.)
However, publications, which are devoted to a particular type of business or industry only and which would be read by a certain class of people interested in such a topic only and which contain no general news, could not be considered a proper newspaper for publication of legal notices. In Matter of Deutsch v. McGurrin (39 Misc 2d 481, affd. 23 A D 2d 721) the petitioner was seeking an exemption from jury duty pursuant to subdivision 8 of section 599 of the Judiciary Law which exempts editors who are employed for a weekly newspaper. He was the editor of a publication which was called the Travel Weekly. An examination by the court of the publication Travel Weekly revealed that it was completely devoted to editorials,, advertisements, and other items dealing with travel and resorts. The court in denying the petitioner relief stated that this type of newspaper was not a newspaper within the meaning of section 599 of the Judiciary Law, in that it did not contain general news or general *60 advertisements and confined itself completely to news pertaining to travel and resorts.
A publication, which devotes its entire newspaper to advertisements, is not a proper publication for legal notices. See American and English Annotated Cases (Vol. 16, p. 417): “A sheet of paper covered with advertisements and distributed gratuitously at the expense of the advertisers is not a newspaper.”
I am of the opinion that the Sodus-Williamson Pennysaver, which is a publication printed and distributed gratuitously and which contains, as a whole, advertising material, is not a newspaper within the meaning of section 146 of the Election Law and is not a proper publication for legal notices.
The petitioner’s motion for an order invalidating and declaring null and void the designation and certificate filed on behalf of the respondent candidate, Jean L. Lewis, for the position of Town Councilman for the Town of Williamson, and as the candidate for the Republican Party, and Robert Valore, William Herbert and Robert Hopkins, as the committee to fill vacancies for said party, is hereby granted; and the Board of Elections and the Commissioners of Election of Wayne County are enjoined and restrained from printing and placing upon voting machines to be used in voting on November 3, 1970, the name of the candidate, Jean L. Lewis.