**SHOPPERS GUIDE PUBLISHING COMPANY, INC., Appellant,**

v.

**Jayne Ann WOODS, Commissioner of Revenue, State of Tennessee, Appellee.**

Supreme Court of Tennessee.

March 7, 1977.

Stuart E. Duncan, Duncan & Secor, P. C., Chattanooga, for appellant.

David S. Weed, Asst. Atty. Gen., Brooks McLemore, Jr., Atty. Gen., Nashville, for appellee.

## OPINION

COOPER, Chief Justice.

Shoppers Guide Publishing Company of Tennessee, Inc., has appealed from a decree dismissing an action brought to recover sales and uses taxes paid to the State of Tennessee under protest. The primary issue, as stipulated by the parties is the "determination of whether or not the sales and/or use tax of the State of Tennessee is applicable and properly assessed against the [appellant] in this cause for its activity connected with the fabrication of its publication known as the 'Shoppers Guide.'"

The appellant is the publisher, printer, and distributor of a weekly publication known as the "Shoppers Guide," which is distributed free to persons residing in the Chattanooga metropolitan area. The publication, which resembles a tabloid newspaper in form, contains no news articles but is devoted to want-ad type of advertising and

to advertisements placed by local and national merchants. In addition, individuals and groups are permitted to and do place announcements of local events such as church socials and local sporting events in the publication. Some of the announcements are published without cost to the sponsor, while other sponsors are charged for the announcements.

In 1965, in making application for a Sales or Use Tax Certificate of Registration, appellant stated it intended to sell newspapers and, consequently, was granted an exemption from sales or use tax for activities connected with the "Shoppers Guide." *See* T.C.A. § 67–3012. Upon audit of appellant's businesses in 1975, appellee concluded that appellant was not selling or distributing newspapers, but was fabricating advertising circulars for free distribution; consequently, the appellee withdrew the exemption previously granted appellant and assessed a tax deficiency against appellant in the amount of $13,753.38, for the period February 1, 1972, through January 31, 1975. Appellant paid the assessment, under protest, and brought the present action. Appellant contended that the activities attendant to the publication, printing, and distribution of the "Shoppers Guide" were not subject to the sales and use tax as:

(1) The publication of the "Shoppers Guide" is not the use of tangible personal property, but rather the performance of a service which is not taxable under the Sales or Use Tax of the State of Tennessee;

(2) It is a newspaper within the meaning of the Retailers' Sales Tax Act;

(3) The printing and publishing of "Shoppers Guide" without sale thereof was exempt from sales and use taxes under Rule 67 of the Commissioners' Rules and Regulations; and

(4) The imposition of a sales or use tax on the appellant deprived the appellant of its constitutional protections of freedom of speech and freedom of the press.

The chancellor held that "the procurement of paper and the printing of the advertisements in the form of the 'Shoppers Guide' was the fabrication of tangible personal property and the use subject to taxation as a privilege," and dismissed appellant's complaint. We affirm his action.

It is the declared intent of the legislature that "every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state, or who uses or consumes in this state any item or article of tangible personal property as defined in the chapter, . . .." T.C.A. § 67–3003.

Tangible personal property is defined in T.C.A. § 67–3002(1) as "personal property, which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses."

In keeping with the expressed intent of the legislature, it is provided in T.C.A. § 67–3004 that:

"Where a manufacturer, producer, compounder or contractor erects or applies tangible personal property, which he has manufactured, produced, compounded or severed from the earth, such person so using the tangible personal property shall pay the tax herein levied on the fair market value of such tangible personal property when used, without any deductions whatsoever."

The Commissioner of Revenue promulgated Rule 103(a), interpreting the above section, which provides that:

"a. Any manufacturer, producer, compounder, or contractor who fabricates in any manner, any tangible personal property, here its form is changed to some other kind of personal property, . . . shall pay a Sales or Use Tax upon the fair market value of the fabricated property, . . .."

■ The chancellor concluded that the bringing together and combining of the raw materials, such as paper, ink, dies, plates, and the like, and their use in the printing of the advertisements in the form of the "Shoppers Guide" is a fabrication of tangible personal property and is a use of the property subject to taxation as a privilege. We agree. *See* T.C.A. § 67–3004 and

*Young Sales Corp. v. Benson,* 224 Tenn. 88, 450 S.W.2d 574 (1970). *Cf. Commerce Union Bank v. Tidwell,* 538 S.W.2d 405 (Tenn. 1976), wherein computer software was held not to be tangible personal property since no product was created and what was created and sold was information.

Appellant argues that even if the bringing of the "Shoppers Guide" is a fabrication of tangible personal property, the tax was improperly assessed as the "Shoppers Guide" is a newspaper and, as such, is specifically exempt from sales and use tax.

T.C.A. § 67–3012 exempts "newspapers" from the operation of the Sales and Use Tax Act. While the statute does not define a "newspaper," Rule 46 of the State Sales and Use Tax Rules and Regulations promulgated by the Commissioner of Revenue, sets forth minimum criteria for a publication to qualify for the exemption granted a "newspaper." Rule 46 provides in pertinent part that:

"b. in order to constitute a newspaper, the publication must contain at least the following elements:

(1) It must be published at stated short intervals (usually daily or weekly).

(2) It must not, when its successive issues are put together, constitute a book.

(3) It must be intended for circulation among the general public.

(4) It must contain matters of general interest and reports of current events.

c. Notwithstanding the fact that the publication may be devoted primarily to matters of specialized interest, such as legal, mercantile, political, religious or sporting matters, if, in addition to the special interest it serves, the alleged newspaper contains general news of the day, information of current events, and news of importance and of current interest to the general public, it is entitled to be classed as a newspaper.

The criteria promulgated by the Commissioner are in accord with the generally accepted usuage of the term "newspaper." *See Pope v. Craft,* 1 Tenn.App. 356 (1925), wherein the court quoted the following definition as being the ordinary understanding of the word "newspaper:"

"A publication containing a narrative form of certain events and occurrences published regularly, at intervals, from time to time, and the publishing at intervals has always been deemed necessary to constitute a newspaper." 1 Tenn.App. at 365.

*See also Green v. Home News Publishing Co.,* 90 So.2d 295 (Fla.1956); *Hermenet v. Wykle,* 64 Misc.2d 57, 314 N.Y.S.2d 204 (1970); Newspapers, Periodicals, etc., 58 Am.Jur.2d, Sec. 4.

The "Shoppers Guide" meets the first three criteria of Rule 46 without question. The dispute is whether it meets the fourth requirement. Appellant, of course, insists that advertising is a type of news, is of general public interest, and, so far as merchandising is concerned, is of a current event.

While no court in this state has dealt with the specific issue of whether a publication devoted solely to commercial advertising is a "newspaper" for the purpose of the Sales and Use Tax, the issue was considered by the Supreme Court of Florida in *Green v. Home News Publishing Co., supra.* That court concluded that such a publication is not a "newspaper" within the meaning of the sales tax act. The court stated:

"The 'Shopper Advertiser' unquestionably has for its principal purpose the advertising business concerns in the area and not the dissemination of news. It is, in practical effect, simply an advertising 'giveaway,' even though a modicum of local news and other material found in newspapers is included."

■ The "Shoppers Guide" does not contain even a modicum of local news. In fact, no attempt is made to include any "general news of the day, information of current events, [or] news of importance and of current interest to the general public." In fact, the "Shoppers Guide" is no more than a series of advertising handbills in a newspaper format. We agree with the chancellor that such a publication is not a "newspaper" in the common and popularly accepted

usage of the term and does not qualify for the exemption granted under T.C.A. § 67–3012.

Appellant argues that if the "Shoppers Guide" is not a newspaper, it is an advertising circular and is not subject to sales or use tax since it is given away.

Rule 67 of the State Sales and Use Tax Rules and Regulations deals generally with the printing industry and in paragraph (a) speaks of the sale of advertising circulars with the sales tax being based on the selling price. From this, appellant reasons that since there is no sale of the "Shoppers Guide," the fabrication of the paper cannot be taxed.

■ So far as we can tell from the pleading and the memorandum of the chancellor, this theory was not advanced in the trial court. But, in any event, we do not agree that the relief of the printing industry from payment of the tax imposed on those who fabricate tangible personal property to produce a multi-page advertising "give-away" is a necessary corollary to the express imposition of a tax on the sale price of advertising circulars. To the contrary, the stated intent of the legislature is to tax every retail sale of tangible personal property and every use of personal property in this state, except for exceptions expressly stated in the Retail Sales Act. We find nothing in the Act, nor in the Rules and Regulations promulgated by the Commissioner of Revenue under the Act, which excepts the fabrication of a multi-page advertising paper from taxation merely because the fabricator elects to give it away, thus limiting its income from the paper to revenue from advertisers.

■ Appellant also contends that the imposition of a sales or use tax on appellant is an attempt to impose a tax on the transmission and upon the privilege of communicating the advertising message from the purchaser of the advertisement to the general public at large, and that this is a violation of appellant's First Amendment right of freedom of speech and the freedom of the press. We see no merit in this contention.

The tax in question is not upon the privilege of disseminating information to the public. It is a general tax applying to all persons, whatever their business, who fabricate tangible personal property.

Decree affirmed. Costs incident to the appeal are adjudged against appellant, Shoppers Guide Publishing Company, Incorporated, and its surety.

FONES, HENRY, BROCK and HARBISON, JJ., concur.