In the Matter of G & B PUBLISHING CO., INC., Petitioner, v DEPARTMENT OF TAXATION AND FINANCE, SALES TAX BUREAU, Respondent.

Third Department, April 7, 1977

*Kramer, Wales & McAvoy (Philip J. Kramer* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

KANE, J. Petitioner publishes a document of commercial advertising on a weekly basis and distributes it free of charge to individuals in the area of Binghamton, New York. Entitled "Shopper", this publication is one of a type best known as a shoppers' newspaper or pennysaver. Almost all of the materials appearing therein consist of paid advertisements, although an occasional public, civic or charitable announcement may sometimes be printed without charge if unsold space is available in a particular edition. Claiming an exemption from the taxation of "newspapers and periodicals" (Tax Law, § 1115, subd [a], par [5]), petitioner objected to a certain deficiency in compensating use taxes founded on its purchase of printing services and related supplies which respondent assessed against it. Following a hearing (Tax Law, § 1138), the periods of assessment and resulting tax liability were reduced, but petitioner's theory of exemption was rejected. In this ensuing petition for article 78 review, petitioner alleges that respondent's determination was legally erroneous and constituted a denial of equal protection rights. Special Term transferred the proceeding to this court and petitioner has since moved for a trial on its contention involving equal protection (CPLR 7804, subd [h]).

We begin with the observation that the proceeding was improperly transferred to this court. Petitioner's main complaint involves the purely legal question of whether its estab-

lished activities are exempt from the taxes imposed by article 28 of the Tax Law. There is no dispute over the accuracy of the facts relied upon by respondent and petitioner no longer contests the proper amount of taxes said to be owing. A prior hearing was unnecessary (see *Matter of Hospital Tel. Systems v New York State Tax Comm.,* 41 AD2d 576; 44 AD2d 271, affd 36 NY2d 746) and respondent's determination of that issue does not depend on considerations of substantial evidence for support, but rests instead on its interpretation of the Tax Law. Petitioner's second ground for annulment, essentially a claim of selective enforcement, is also reviewable outside the framework of a hearing before an administrative body *(Matter of Bell v New York State Liq. Auth.,* 48 AD2d 83), and likewise fails to raise an issue within the purview of CPLR 7803 (subd 4). Nevertheless, the proceeding is before us and we will dispose of it on the merits (CPLR 7804, subd [g]).

We reject petitioner's assertion that its enterprise occupies the status of a "newspaper" or "periodical" within the meaning of section 1115 (subd [a], par [5]) of the Tax Law. In the absence of a definition of such terms as they are employed in that statute, we must resort to a test of common understanding influenced by authority from collateral sources *(Matter of Business Statistics Organization v Joseph,* 299 NY 443, 449-450). In this regard it is significant that the instant publication seldom contains intelligence of current events or happenings of general interest (see 66 CJS, Newspapers, § 1), does not regularly supply information on a variety of subjects, except for the availability of merchandise and services, would not qualify as a proper medium for the publication of legal notices (General Construction Law, § 60, subd a), and, so far as we can tell, never presents internally generated thoughts or expressions of editorial opinion. In addition, at least one other court has ruled against a taxpayer in a somewhat analogous situation *(Green v Home News Pub. Co.,* 90 So 2d 295 [Fla]). While we do not mean to imply that any of the foregoing factors is determinative, it seems plain to us that petitioner exerts no independent control over the content of materials that appear in its publication, as true newspapers and periodicals invariably do to a greater or lesser degree, but functions as a passive organ for the transmission of whatever words and symbols those who pay for such a service wish to have placed before the general public. Furthermore, even if we were inclined to accept petitioner's views, we cannot say that the

contrary interpretation placed on those terms by the agency responsible for administering the statute is either irrational or unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434, 438), particularly since exemptions from taxation will be construed against a taxpayer unless it would defeat the settled purpose of the statute *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 197). To the extent that petitioner's argument proceeds from equal protection concepts, we find nothing palpably arbitrary in respondent's interpretation recognizing a distinction in classification between the solicitation of commercial transactions and the dissemination of news or information (see *Matter of Association of Bar of City of N.Y. v Lewisohn,* 34 NY2d 143, 156).

In support of its alternative claim, petitioner has merely alleged, on undisclosed sources of information and belief, that respondent has not levied this tax on other parties in the same business. This hardly suffices to raise a triable factual dispute, however, for it must be proven that a selectivity in applying the statute arose from some intentional and invidious plan of discrimination on respondent's part and petitioner has not even pleaded such a scheme *(Matter of Di Maggio v Brown,* 19 NY2d 283, 290-291; see *United States v Berrios,* 501 F2d 1207).

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, J. P., MAHONEY, MAIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.