Hon. John Van Lindt Chairman New York State Racing and Wagering Board
This is in response to a letter from your Counsel requesting the opinion of the Attorney General as to whether an organization otherwise authorized to conduct games of chance may, pursuant to General Municipal Law, § 195-e, advertise the conduct of such games by means of paid advertisement in a Pennysaver publication.
Your letter and attachments indicate that the Pennysaver publication contemplated is published on a regular basis in newspaper format. It contains only advertising, has no significant editorial content, and is distributed free in the area served.
You explain that it has been the legal view and position of the Board that General Municipal Law, § 195-e authorizes advertising of games in limited enumerated ways; by means of handbills, posters and signs of limited size displayed in certain specified locations. You have advised organizations subject to this section that a Pennysaver does not constitute a handbill for these purposes, and advertising of this kind may not be placed in a Pennysaver. At least one such organization has taken strong exception to the position of the Board.
Although it may be, as some of the materials you have forwarded allege, that Pennysaver advertising would be more economical or efficient than handbill advertising, such considerations cannot alter the specific requirement of the statute and should be addressed to the Legislature rather than to the Board. The meaning intended by the Legislature for the word "handbill" is not explained in the statute or the circumstances surrounding its enactment. Presumably, the Legislature used the word in the ordinary meaning of a single sheet dealing with a single matter that is handed out to passersby, stuck on windshields or left on doorsteps. It is clear however, that the Legislature intended to restrict the nature and extent of the advertising in question, and the inclusion of specified modes of advertising implies the exclusion of alternative means (1 McK Stat 240 "expressio unius est exclusio alterius").
Moreover, it is clear that the Board is charged by law with the administration of the statute in question and its interpretation thereof, if not unreasonable, is entitled to great weight, Matter ofDiMarisco v Ambach, 48 N.Y.2d 576 (1979); Matter of Howard v Wyman,28 N.Y.2d 434, 438 (1971). The position taken by the Board appears to be a reasonable exercise of the authority conferred on it by the Legislature, in an area in which the Board has special expertise and experience, Kurscics v Merchants Mutual, 49 N.Y.2d 451, 459 (1980). Therefore the opinion expressed by the Board is both informative and persuasive.
Recent litigation and interpretation concerning the meaning of the term newspaper and whether or not a Pennysaver constitutes a newspaper (see e.g., GB Pub. v Department of Taxation, 57 A.D.2d 18
[3d Dept, 1977] and authorities cited) do not appear to dictate a different result. These authorities, concluding that, for purposes of taxation or publication of official legal notices, a Pennysaver is not a newspaper, apply to limited specified circumstances. Furthermore, that a publication is not a newspaper for certain purposes carries no inference that the publication is a handbill for purposes of General Municipal Law, § 195-e. We conclude that the advertising of games of chance pursuant to General Municipal Law, § 195-e may not be placed in a Pennysaver publication.