In the Matter of INTERNATIONAL SALT COMPANY, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, March 5, 1981

### APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (William M. Colby* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Joseph F. Gibbons, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for respondent.

MAHONEY, P. J.

Petitioner operates a salt mine in Retsof, New York, and a salt well, evaporating and packaging plant at Watkins Glen, New York. On July 22, 1976, the Department of Taxation and Finance assessed sales and use taxes against petitioner in the amount of $81,656.85, plus penalties and interest. On January 25, 1980, petitioner timely commenced this proceeding to review the determination of the State Tax Commission seeking a refund in the amount of $27,144.19 for the sales taxes paid, plus penalties and interest.

Petitioner contends that it is entitled to a refund with respect to taxes in the amounts of: (1) $18,174.06 on the purchase of a blasting agent and detonating explosives used in its salt mining extraction operation at Retsof; (2) $2,310 on the purchase of a tractor; $1,353.80 on the purchase of a front-end loader and $1,713.86 on the installation of a salt conveyor, all of which equipment is used for the removal of "Fine C" salt from the production line to an abandoned section of the mine; (3) $2,367.47 on the sale of services rendered to petitioner for the purpose of preventing the leakage of underground fresh water into the mine; and (4) $1,225 on the purchase of two hydraulic lifts, called palletizers, which were purchased to hold and lower, by means of a conveyor, pallets loaded with boxes of canned salt to floor level.

We turn first to the issue of whether the blasting agent and detonating explosives used by petitioner in extracting salt at its Retsof mine qualify for a statutory exemption from the sales and use tax. Subdivision (c) of section 1115 of the Tax Law provides for an exemption from sales and use taxes for "[f]uel * * * of whatever nature for use or consumption directly and exclusively in the production of tangible personal property * * * by * * * mining". The commission determined that the blasting agent and detonating explosives used in petitioner's production process did not constitute a fuel exempt from the imposition of a sales and use tax. We disagree. The statute exempting fuels from the sales and use taxes does not attempt to limit the exemption to any specific types of fuels. Moreover, the

applicable regulation promulgated by the Department of Taxation and Finance states "[t]he term *fuel* as used in this section means any commodity which produces heat or energy" (20 NYCRR 528.22 [b] [1]). Thus, since the blasting agent and detonating explosives do produce energy for use directly and exclusively in the production of tangible personal property, they are exempt from the sales and use taxes under article 28 of the Tax Law.

Petitioner also contends that its tractor, front-end loader and salt conveyor used to remove "Fine C" salt qualify for a sales and use tax exemption. Section 1115 (subd [a], par [12]) of the Tax Law provides for a sales and use tax exemption for "[m]achinery or equipment for use or consumption directly and predominantly in the production of tangible personal property * * * by * * * mining". The commission ruled that the equipment used to remove and store the excess salt did not constitute exempt machinery. Again, we disagree with the commission's determination. The record indicates that the excess salt which the equipment is used to remove is a by-product in the production of the company's final product—rock salt. Nevertheless, this by-product must be removed in order to keep the conveyor system operating. Accordingly, since the removal of the "Fine C" salt is a necessary and integral operation in the production of rock salt, the equipment used to remove this material clearly constitutes machinery for use directly and predominantly in the production of tangible personal property.

Next, petitioner asserts that the services performed by contractors hired by petitioner to locate and plug up fissures in the mine surface are exempt from the sales tax ordinarily imposed on the sale of services (see Tax Law, § 1105, subd [c]). Without any specific findings, the commission ruled that the petitioner was liable for the sales tax on the services performed by the contractors. However, upon review of the record, we find that the commission failed to consider whether the sale of the services in the instant case involved the installation of personal property which, when installed, constituted a capital improvement and, in turn, a tax exemption from the sales and use tax (see Tax Law, § 1105, subd [c], par [3]). Nor did the

commission consider whether the contracts concerned the installation of machinery and equipment for the storage of industrial waste which may also be exempt from sales and use taxes (20 NYCRR 528.13 [d]). In view of the tax commission's failure to make any specific findings of fact regarding the sale of these services and the possible exemptions which may be applicable, this issue should be remitted to the commission for further consideration and determination.

Finally, petitioner contends that the two palletizers are exempt from sales and use tax as machinery or equipment for use or consumption directly and predominantly in the production of tangible personal property (see Tax Law, § 1115, subd [a], par [12]). However, the record indicates that the palletizers were never actually used in the production phase. Accordingly, the commission properly determined that these purchases were not exempt from the sales and use taxes of article 28 of the Tax Law.

The determination should be modified by annulling so much thereof as imposed sales taxes on (1) the purchase of a blasting agent and explosive devices, and (2) the purchase price of a tractor, front-end loader and salt conveyor; matter remitted for further consideration of the sale of services to petitioner and possible exemptions which may be applicable, and, as so modified, confirmed, without costs.

HERLIHY, J. (concurring in part and dissenting in part). I concur in the majority statement, except as to what is designated as Item No. 1 of petitioner's claimed refund.

A reading of the statute does not require, as a matter of law, a finding that dynamite and blasting caps constitute "fuel". In fact, in my opinion, it constitutes a strained interpretation. A statute or regulation authorizing an exemption from taxation "will be construed against a taxpayer unless it would defeat the settled purpose of the statute". *(Matter of G & B Pub. Co. v Department of Taxation & Fin., Sales Tax Bur.,* 57 AD2d 18, 21.)

The determination as to this item has a rational and reasonable basis and should be confirmed.

SWEENEY, KANE and WEISS, JJ., concur with MAHONEY, P. J.; HERLIHY, J., concurs in part and dissents in part in an opinion.

Determination modified by annulling so much thereof as imposed sales taxes on (1) the purchase of a blasting agent and explosive devices, and (2) the purchase price of a tractor, front-end loader and salt conveyor; matter remitted for further consideration of the sale of services to petitioner and possible exemptions which may be applicable, and, as so modified, confirmed, without costs.