HURLEY, Judge.
This is a consolidated appeal from two final orders of the appellee, Department of Revenue, which concern the imposition of a use tax assessment against the appellant, Gore Newspaper Company. The Department based the assessment on Section 212.-06(l)(b), Florida Statutes (1975) and Rule 12A-1.34(3), Florida Administrative Code.
Gore initially challenged the assessment by filing a “Petition for Formal Proceeding” with the Department pursuant to Section 120.57, Florida Statutes (1975). Subsequently, it filed a challenge to Rule 12A-1.-34(3), Florida Administrative Code, pursuant to Section 120.56, Florida Statutes (1975). The proceedings were consolidated and conducted before a hearing officer whose recommended orders were adopted by the Department as final orders. These final orders upheld the validity of the Rule, but found the Rule to be an invalid basis for the assessment in this particular case. The assessment was nevertheless affirmed on the basis of Section 212.06(l)(b).
Since the Rule was found to be inapplicable in this case, appellant chose not to pursue its contention as to the Rule’s general invalidity. It did, however, present several arguments concerning Section 212.06(l)(b). We limit our discussion to one, i. e., whether Section 212.06(l)(b) encompasses a use tax on materials which are printed by the taxpayer for immediate consumption by the taxpayer.
*946 Factually, the setting is clear. Gore is a newspaper publisher with some forty departments within the corporation. One of these is a “letter shop” or print shop which prints stationery, memo pads, forms, run sheets, etc. for the various departments. Approximately 10% of the work performed by the letter shop is for outside customers who pay a sales tax on the items they purchase.
Section 212.06(l)(b) provides in pertinent part:
Any person who manufactures, produces, compounds, processes or fabricates in any manner tangible personal property for his own use shall pay a tax upon the cost of the product manufactured, produced, compounded, processed or fabricated....
The Department contends that Gore’s arrangement as to the printed material constitutes a use of tangible personal property manufactured, produced, compounded, processed or fabricated by Gore and, therefore, Gore is liable for the use tax. We agree.
Section 212.02(8) defines the term “use” to mean and include “the exercise of any right or power over tangible personal property incident to the ownership thereof. .. . ” On the other hand, the word “consume,” while not defined in Chapter 212, means “to do away with completely.” Webster’s New Collegiate Dictionary (1980). Thus, as legislatively defined, “use” is an all-embracing concept which includes the act of consumption — the final use.
Reading Section 212.06(l)(b) in conjunction with the above definitions compels the conclusion that appellant engaged in a taxable use when it printed stationery, memo pads, forms, etc. See, e. g., Shoppers Guide Publishing Co. v. Woods, 547 S.W.2d 561 (Tenn.1977); cf. Klosters Rederi A/S v. State Dep’t of Revenue, 348 So.2d 656 (Fla.3d DCA 1977), cert. denied, 360 So.2d 1248 (Fla.1978).
Moreover, this is the only result which is consistent with the recognized purpose of a use tax, i. e., to complement the sales tax so as to make uniform the taxation of the property subject to the tax. United States Gypsum Co. v. Green, 110 So.2d 409 (Fla.1959). Presumably all memo pads, for example, are subject to sales tax at the time of their retail purchase. Not so, however, with appellant’s memo pads since they were manufactured and utilized in house. Consequently, a use tax is necessary to assure uniform taxation and Section 212.06(l)(b) provides ample justification for its imposition. Accordingly, the orders appealed from are affirmed.
AFFIRMED.
BERANEK, J., concurs.
MOORE, J., dissents with opinion.