IN THE MATTER OF THE ASSESSMENT OF ADDITIONAL NORTH CAROLINA AND ORANGE COUNTY USE TAXES AGAINST VILLAGE PUBLISHING CORPORATION FOR THE PERIOD FROM APRIL 1, 1972 THROUGH MARCH 31, 1978

No. 8210SC1163

(Filed 7 February 1984)

Taxation § 31— "newspaper" not exempt from State and county use taxes
          The trial court properly found that *The Village Advocate* was not a newspaper exempt under G.S. 105-164.13(28) from the use tax imposed by G.S. 105-164.6 and G.S. 105-468 where the advocate was devoted almost entirely to advertising with some announcements of special events.

APPEAL by petitioner Village Publishing Corporation from *Farmer, Judge.* Judgment entered 19 July 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 27 September 1983.

Petitioner Village Publishing Corporation appeals from a judgment of the superior court affirming the decision of the Tax Review Board and the Secretary of Revenue sustaining the proposed assessment of additional state and county use taxes against it. Petitioner is the publisher and distributor of a publication known as *The Village Advocate* (hereinafter "the Advocate").

During the period in question, the Advocate was printed by Womack Press in Virginia. Petitioner did not pay any North Carolina use tax with respect to the sums charged it by Womack Press for printing the Advocate. In June 1978 the North Carolina Department of Revenue issued notices of proposed assessment of additional state and county use taxes against petitioner together with penalties and interest based upon the sums paid by petitioner to Womack Press.

Petitioner protested the proposed assessment and requested a hearing before the Secretary of Revenue. At the hearing, petitioner contended that (1) the Advocate is a newspaper, and (2) since the purchases of newsprint, ink, and printing services by paid circulation newspapers are exempt from sales and use taxation by G.S. 105-164.13(28) and Sales and Use Tax Regulation 38, the denial of this exemption to the Advocate, a free circulation newspaper, is in violation of the principle of equitable taxation set forth in article V, section 2 of the North Carolina Constitution; the guarantees of freedom of speech and of the press in the first amendment to the United States Constitution; and the guarantees of equal protection of the laws in the fourteenth amendment to the United States Constitution.

Twenty copies of the Advocate were introduced into evidence. These showed that the Advocate consists almost entirely of commercial and classified advertising but contains a limited number of news and sports articles and announcements of local interest such as movie schedules, school lunch menus, schedules of sporting events, community events calendars, and a question and answer section on antiques. The evidence showed that the Advocate is distributed free of charge. The Secretary made findings

of fact consistent with the evidence and concluded as a matter of law that the Advocate is not a newspaper but is an advertising circular; that even if the Advocate were classified as a newspaper it would still be subject to use taxation because G.S. 105-164.13 (28) exempts only paid circulation newspapers and not free circulation newspapers; and that as Secretary of Revenue, he had no authority to rule on the constitutional questions presented.

Petitioner then filed a petition with the Tax Review Board requesting an administrative review of the decision of the Secretary of Revenue. Following a hearing, the Tax Review Board affirmed the decision of the Secretary of Revenue and specifically approved and adopted by reference in its decision the findings of fact and conclusions of law made by the Secretary. In August 1981, petitioner paid the taxes and interest asserted to be due and filed a petition for judicial review in superior court seeking reversal of the Tax Review Board's decision on the grounds that (1) the Board's finding that the Advocate is not a "newspaper" for purposes of the N.C. Sales and Use Tax Act is not supported by substantial evidence in view of the entire record as submitted, and (2) the Board's decision is in violation of the constitutional provisions noted previously herein.

The superior court affirmed the decision of the Tax Review Board in all respects. From the judgment entered, petitioner appealed.

*Thigpen and Hines, by James C. Smith, for petitioner appellant.*

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for respondent appellee North Carolina Department of Revenue.*

WEBB, Judge.

The question posed by this appeal is whether the Advocate is a newspaper and thus exempt under G.S. 105-164.13(28) from the use tax imposed by G.S. 105-164.6 and G.S. 105-468. The evidence is not in dispute. The Advocate is devoted almost entirely to advertising with some announcements of special events. We hold it was not error for the Secretary of Revenue and the Tax Review Board to conclude that the Advocate is not a newspaper.

We have found no case in this State dealing with the point at issue in this case. We believe a newspaper is a publication appearing at short intervals of time containing news which may be of various types, and intended for the general reader. *See* 58 Am. Jur. 2d *Newspapers, Periodicals, etc.* § 1 (1971); 66 C.J.S. *Newspapers* § 1 (1950). We believe news is ordinarily understood as being "reports of recent occurrence and of a varied character, such as political, social, moral, religious, and other subjects of a similar nature, local or foreign, and intended for the information of the general reader." 58 Am. Jur. 2d, *supra* at p. 130. We believe that news reports are distinguishable from paid advertisements. The Tax Review Board found that the Advocate is devoted almost entirely to advertising. We believe this finding is supported by the evidence. Since the Advocate does not disseminate news except in very small amounts, we do not believe it qualifies as a newspaper but is instead an advertising circular.

Most of the cases from other jurisdictions which deal with the issue in this case decide the matter as we do. *See Green v. Home News Publishing Co.*, 90 So. 2d 295 (Fla. 1956); *Department of Revenue v. Skop*, 383 So. 2d 678 (Fla. App. 1980); *Shoppers Guide Publishing Co. v. Woods*, 547 S.W. 2d 561 (Tenn. 1977); *G & B Publishing Co., Inc. v. Department of Taxation and Finance*, 57 A.D. 2d 18, 392 N.Y.S. 2d 938 (1977). A different result was reached in at least one state. *See Hadwen, Inc. v. Department of Taxes*, 139 Vt. 37, 422 A. 2d 255 (1980), *appeal dismissed, sub nom. Hadwen, Inc. v. Vermont Department of Taxes*, 451 U.S. 977, 101 S.Ct. 2300, 68 L.Ed. 2d 834 (1981). We believe we are in accord with the majority.

Our determination that the Tax Review Board was correct in holding the Advocate is not a newspaper renders moot much of petitioner's constitutional arguments. We address its contention that the imposition of a use tax on the Advocate is an attempt to impose a tax on the transmission of an advertising message in violation of the first amendment to the United States Constitution. We do not believe this contention has merit. The tax imposed is not upon the dissemination of information to the public. It is a general tax which is applicable to all persons who use, consume, distribute or store for use or consumption tangible personal property in this state.

Affirmed.

Judges HEDRICK and HILL concur.