(October 18, 1991)

■ In the Matter of PEARL FREED, Appellant, v TIMOTHY E. HILL et al., Constituting the Board of Elections of the County of Sullivan, et al., Respondents. (Proceeding No. 1.) In the Matter of ELWIN M. WOOD, Appellant, v TIMOTHY E. HILL et al., Constituting the Board of Elections of the County of Sullivan, et al., Respondents. (Proceeding No. 2.)—Per Curiam. Appeals from two orders and judgments of the Supreme Court (Williams, J.), entered October 11, 1991 in Sullivan County, which dismissed petitioners' applications, in two proceedings

pursuant to Election Law § 16-102, to declare invalid the certificates of nomination naming certain respondents as the Conservative Party candidates for various offices in the Towns of Fallsburg and Rockland in the November 5, 1991 general election.

These appeals arise from two separate proceedings to invalidate certificates of nomination naming various respondents as Conservative Party candidates for certain offices in the Towns of Fallsburg and Rockland, Sullivan County, in the November 5, 1991 general election. In proceeding No. 1, petitioner challenged the sufficiency of the notice of caucus claiming that it was invalid because it did not specify the purpose of the caucus in accordance with Election Law § 6-108 (3). Supreme Court disagreed and dismissed the petition, ruling that the extent of the deviation from the statute did not warrant invalidation.

In proceeding No. 2, petitioner sought to invalidate the certificate of nomination on the ground that the notice of caucus was published in the local newspaper less than one week prior to the caucus, in violation of Election Law § 6-108 (3). Supreme Court dismissed the petition, concluding that publication only one day later than that required under the statute did not warrant the relief requested.

Before addressing the merits of the proceedings, respondents in both proceedings claim that the appeals should be dismissed for petitioners' failure to file a complete record in accordance with CPLR 5526. Such failure does not require dismissal and we have considered the relevant exhibits that were before Supreme Court and that are now attached to respondents' brief (see, 2001 Real Estate; Space Catalyst v Campeau Corp., 148 AD2d 315).

Respondents also claim that the petitions in each proceeding should be dismissed as there was a failure to comply with the service provisions of the orders to show cause and, therefore, Supreme Court lacked personal jurisdiction over necessary parties. Respondents in proceeding No. 1 raised this defense in their answer thereby preserving the issue for our review. With respect to proceeding No. 2, however, neither the evidence in the record nor the evidence attached to respondents' brief sufficiently establishes that respondents raised this defense before Supreme Court.

While we affirm Supreme Court's order and judgment in proceeding No. 1, we do so for different reasons. Upon examining the record, including respondents' attachments, we find

that petitioner in proceeding No. 1 failed to sustain her burden of proving that all respondents named therein were personally served as required by the order to show cause *(see, Lexington Ins. Co. v J. M. L. Trading Corp.,* 125 AD2d 554). Accordingly, proceeding No. 1 should have been dismissed by the court on this ground without reaching the merits.

Having no jurisdictional or procedural objections properly before us in proceeding No. 2, however, we address petitioner's claim that the notice of caucus was published in violation of the statute. Election Law § 6-108 (3) provides that newspaper publication of a notice of any party caucus "shall be given * * * once within the town at least one week and not more than two weeks preceding the caucus". It is undisputed that the notice of caucus here was not published until August 23, 1991, less than one week before the August 28, 1991 caucus. Because the notice provisions of Election Law § 6-108 are mandatory, the lack of compliance with the publication requirements of that section rendered the caucus and, consequently, the purported nominations invalid *(see, Matter of Densmore v Westall,* 280 App Div 939; *Matter of Hermenet v Wykle,* 64 Misc 2d 57, 58).

Mahoney, P. J., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the order and judgment in proceeding No. 1 is affirmed, without costs.

Ordered that the order and judgment in proceeding No. 2 is reversed, on the law, without costs, petition granted and the certificate of nomination naming certain respondents as the Conservative Party candidates for various offices in the Town of Rockland in the November 5, 1991 general election declared invalid.