Arvid V. Jacobson, Legal Counsel Unified School District No. 279 526 W. 6th Street P.O. Box 1167 Junction City, Kansas 66441-1167
Dear Mr. Jacobson:
As legal counsel for Unified School District No. 279 (USD 279), you request our opinion regarding statutory requirements applicable to a newspaper in which legal notices of a unified school district may be published. Specifically, you ask whether the Jewell County News is a "newspaper of general circulation" in which USD 279 may publish its legal notices.
You state in your request that the Jewell County News
maintains an office and staff in Mankato, Kansas. Type for the newspaper is set and the proof copy of the newspaper is printed in Mankato. The newspaper has filed a United States Postal Service Form 3541 at Webber, Kansas, the location from which the newspaper is mailed to Kansas subscribers. Articles contained in the newspaper are compiled in Kansas by Kansas reporters. However, the Jewell County News is published as an insert or feature of the Superior [Nebraska] Express.
K.S.A. 12-1651 requires cities of the second and third classes to designate an "official city newspaper" in which official publications of such cities may appear. Specific statutory qualifications must be met by newspapers so designated by cities. See K.S.A. 12-1651. Likewise, K.S.A. 64-101 obligates counties and cities of the first class to designate official newspapers meeting the qualifications established in the statute. However, no similar statute is applicable to unified school districts.
At least one State statute requires unified school districts to publish relevant notices in designated official newspapers. See K.S.A. 72-1623a. However, it appears most statutes require notices of school districts be published "in a newspaper of general circulation in the school district," rather than in a newspaper that has received any type of "official" designation. See
K.S.A. 10-120 (bond election); 25-2018 (elections); 72-8136d (USD 512; closing schools); 72-8136e (USD 512; closing schools); 72-8155a (USD 463; transfer of land); 72-8212a (acquisition of real property under eminent domain).
The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the Legislature governs when that intent can be ascertained. City of Wichita v. 200 South Broadway,253 Kan. 434, 436 (1993); American Home Life InsuranceCo. v. Board of County Commissioners, 22 Kan. App. 2d 18,22 (1995). Ordinary words in a statute are to be given their ordinary meaning and the statute is not to be read so as to add or subtract from that which is stated therein. Lakeview Gardens, Inc. v. State, ex rel.Schneider, 221 Kan. 211, 214 (1976); R.D. AndersonConstruction Company, Inc. v. Kansas Department of HumanResources, 7 Kan. App. 2d 453, 458 (1982).
Whether the Wyandotte Echo qualified as a newspaper under K.S.A. 64-101 was determined in Attorney General Opinion No. 89-72. In making the determination, the meaning of the phrase "newspaper of general circulation" was reviewed.
 "The phrase `newspaper of general circulation' means one which circulates among all classes and which is not confined to a particular class or calling in the community and is the term generally applied to a newspaper to which the general public will resort in order to be informed of the news and intelligence of the day, editorial opinion and advertisements, and thereby render it probable that the notices or official advertising will be brought to the attention of the general public. As a general rule, for a newspaper to be considered as a newspaper of general circulation, the purposes to which the newspaper is devoted must be of common interest to many. However, the fact that a newspaper is devoted to the interest of a particular class of persons, as for instance, those engaged in the same business or calling, and specializes in news and intelligences primarily of interest to that class, will not exclude it from classification as a newspaper of general circulation if, in addition to special news, it also publishes news of a general character; and hence, a newspaper may be a newspaper of general circulation, although primarily devoted to commerce and finance, labor unions, the legal profession, or a political party. 66 C.J.S. Newspapers § 4 (1950)." Attorney General Opinion No. 89-72.
A case often cited in other jurisdictions determining whether a particular publication is a newspaper of "general circulation" is Burak v. Ditson, 229 N.W. 227
(Iowa 1930). Criteria set forth in the Court's opinion for determining whether a newspaper is one of general circulation are as follows:
 "First, that a newspaper of general circulation is not determined by the number of its subscribers, but by the diversity of its subscribers. Second, that, even though a newspaper is of particular interest to a particular class of persons, yet, if it contains news of a general character and interest to the community, although the news may be limited in amount, it qualifies as a newspaper of `general circulation'. (Citations omitted)." Burak, 229 N.W. at 228.
 See also Great Southern Media v. McDowell County,284 S.E.2d 457 (N.C. 1981); McIntyre v. Mohave County,618 P.2d 621 (Ariz.App. 1980); Moore v. State, 553 P.2d 8
(Alaska 1976); Gampel v. Burlington Industries, Inc.,252 N.Y.S.2d 500 (1964); Nevada State Press Ass'n. v.Fax, Inc., 378 P.2d 674 (Nev. 1963).
The Legislature has ascribed no special meaning to the phrase "newspaper of general circulation" as used in State statutes regarding notices of unified school districts. Rather, the phrase is to be given its ordinary meaning. A "newspaper of general circulation" is one to which the general public will resort in order to be informed of the news and intelligence of the day, editorial opinion and advertisements. Whether theJewell County News qualifies as a "newspaper of general circulation" within USD 279 is a question of fact, determination of which may not be reached in a legal opinion of the Attorney General. However, USD 279 may apply the analysis set forth herein in determining whether the Jewell County News is a "newspaper of general circulation" in the school district.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm